**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-1358

CARLOS HUMBERTO MARROQUIN, ET AL.,

Petitioners,

v.

JOHN ASHCROFT,
UNITED STATES ATTORNEY GENERAL,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

---

Before

Torruella, Selya, and Howard, <u>Circuit Judges</u>.

---

<u>Robert D. Watt, Jr.</u> on brief, for petitioner.
<u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division,
<u>Anthony W. Norwood</u>, Senior Litigation Counsel, and <u>Don G. Scroggin</u>,
Trial Attorney, United States Department of Justice, Office of
Immigration Litigation, on brief, for respondent.

---

July 23, 2004

---

**Per Curiam**.  Prior to April 1, 1997, non-criminal aliens facing deportation were entitled to seek discretionary relief under a regime known as "suspension of deportation" if, inter alia, they had accumulated seven years of continuous presence in the United States.  See Immigration and Nationality Act § 244, 8 U.S.C. § 1254 (repealed April 1, 1997).  The Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009, 3546 (IIRIRA), which went into effect on April 1, 1997, eliminated this entitlement and replaced it with a stricter regime, titled "cancellation of removal," which is available only to aliens who have been continuously present in the United States for ten years.  The IIRIRA specified that only aliens who had been placed "in deportation proceedings" prior to April 1, 1997, remained eligible to apply for suspension of deportation.  See IIRIRA § 309(c)(1).

Petitioners are illegal aliens who, due to the length of their continuous residency within the United States, would have been entitled to seek suspension of deportation but are not entitled to request cancellation of removal.  In early March 1997, they presented themselves to an Immigration and Naturalization Service office after their attorney (allegedly) was told that, if they did so, prior to April 1, 1997, they would be placed in deportation proceedings -- meaning that papers charging them with deportability (to use the old parlance) or removability would be

filed with the Immigration Court, see Costa v. INS, 233 F.3d 31, 34-37 (1st Cir. 2000) (defining what it means to be "in deportation proceedings" within the meaning of the IIRIRA). Notwithstanding this alleged promise, the INS did not file the relevant charging papers until after April 1. Subsequently, and over petitioners' objections, an immigration judge found them ineligible for discretionary relief from deportation/removal and ordered them to depart the country by a date certain. The Board of Immigration Appeals dismissed petitioners' appeal from this order. Petitioners seek relief from the BIA's ruling.

We are foreclosed by circuit precedent from granting petitioners the relief they seek. The Costa panel held on indistinguishable facts that an alien in petitioners' situation was not entitled to seek suspension of deportation. See id. To the extent that petitioners seek to avoid the effect of Costa by invoking the doctrines of equitable estoppel and equitable tolling, their efforts fail. Assuming arguendo the potential availability of these doctrines against the government, petitioners have failed to show the reasonable reliance essential to an estoppel claim, see id. at 38 & n.7 (observing that reasonable reliance cannot be shown where petitioners have no right to "call the tune as to when the INS would commence deportation proceedings" and because the hope of obtaining discretionary relief in the form of suspension of deportation is not a "right" which the government might be

equitably estopped from infringing).  Nor have petitioners shown that tolling principles might properly be thought applicable in a context, as here, where the running of some sort of limitations period is not at issue.

**Petition denied.**